1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

ROBERT MARTINEZ,

CASE NO. 15cv440 JM(PCL)

11

Plaintiff,

ORDER GRANTING MOTION TO DISMISS: GRANTING LEAVE TO AMEND

12

v.

13

CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; MIGUEL COLON; and MARLENE BEST,

14

15

Defendants.

16      Defendant City of Imperial ("City") moves to dismiss the civil rights cause of

17  action based upon the complaint's failure to adequately allege municipal liability.

18  Plaintiff Robert Martinez partially opposes the motion.[1]   Pursuant to Local Rule

19  7.1(d)(1), the court finds the matter presented appropriate for resolution without oral

20  argument.  For the reasons set forth below, the court grants City's motion to dismiss

21  the civil rights claim, grants the motion to dismiss the Imperial Police Department as

22  an improper defendant, and grants Plaintiff 15 days leave to amend from the date of

23  entry of this order.

24                                    **BACKGROUND**

25      On February 26, 2015, Plaintiff commenced this action against Defendants City,

26  Imperial Police Department, Police Chief Miguel Colon, and City Manager Marlene

27

28      [1] Plaintiff does not dispute that the Imperial Police Department is an improper
defendant.

Best by alleging two causes of action for (1) violation of 42 U.S.C. §1983 against all Defendants and (2) violation of Gov't Code §§3300 et seq., 3502, 3506 and Labor Code §1102.5 against the City.

Until his termination in August 2014, Plaintiff was a police officer with the Imperial Police Department. Defendant Colon is the Police Chief and Marlene Best the City Manager. The Complaint alleges that "Police Chief Colon is a tyrant, who repeatedly rules thorough fear, intimidation and retaliation." (Compl. ¶8). In April 2014, Colon allegedly ordered officers to attend a church service in uniform. Plaintiff voiced concern about supporting a religious organization while on duty and in uniform. Plaintiff was allowed to not attend the service. (Compl. ¶9). Colon also allegedly criticized Plaintiff for attending the criminal trial of a friend while not on duty and not dressed in uniform. In May 2014, Plaintiff allegedly voiced his concern that Colon was "allowing officers to work in the field, by themselves, with absolutely no immediate back up of any kind available," thus creating a risk to officer safety. (Compl. ¶10). The next month, Plaintiff complained to the City that Colon was allegedly "defrauding the military by charging the military for police personnel who were supposed to be guarding a (military) crash site," but were not guarding the site. (Compl. ¶11).

Allegedly, without conducting an "investigation of any kind," on July 8, 2014, Colon provided notice to Plaintiff that he was being terminated because he "failed to turn in reports timely." (Compl. ¶14). Plaintiff alleges that Colon "completely deprived [him] of due process of law." Id. On July 29, 2014, Plaintiff allegedly appeared at an administrative hearing. The next day, Colon issued a final notice of discipline, reducing the termination to a suspension. Plaintiff then appealed the suspension. Upon learning of the appeal, "Colon became enraged and told [Plaintiff] and his attorney that because [Plaintiff] exercised his appeal rights of the suspension he had decided to revert back to his termination." (Compl. ¶19).

With respect to City, Plaintiff alleges that "City delegated its final policy-making authority (with respect to all Police Department employment relations) to Defendants

15cv0440

1  Colon and Best."  The City also allegedly "adopted and ratified each of [the decisions
2  of Colon and Best] as its own policies, customs, practices or decisions, as if the same
3  had been promulgated directly by City."  (Compl. ¶4).

4      City moves to dismiss the §1983 claim on grounds the <u>Monell</u> allegations fail
5  to state a claim for municipal liability.  Plaintiff opposes the motion and requests leave
6  to amend.

**DISCUSSION**

8  **Legal Standards**

9      Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in
10  "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir.
11  1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a
12  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.
13  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Courts should
14  dismiss a complaint for failure to state a claim when the factual allegations are
15  insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u>
16  <u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly
17  suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)
18  (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the
19  mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability
20  requirement,' but it asks for more than a sheer possibility that a defendant has acted
21  unlawfully." <u>Id.</u> at 678.  Thus, "threadbare recitals of the elements of a cause of action,
22  supported by mere conclusory statements, do not suffice." <u>Id.</u>  The defect must appear
23  on the face of the complaint itself.  Thus, courts may not consider extraneous material
24  in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th
25  Cir. 1991).  The courts may, however, consider material properly submitted as part of
26  the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555
27  n.19 (9th Cir. 1989).

28      Further, courts must construe the complaint in the light most favorable to the

plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

<u>Pleading Civil Rights Claims</u>

Prior to <u>Iqbal</u> and <u>Twombly</u>, "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officer's conduct conformed to official policy, custom, or practice." <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 581 (9th Cir.2007). In addressing the impact of <u>Iqbal</u> and <u>Twombly</u> on the pleading standards for civil rights cases, the Ninth Circuit recently stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

<u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d 631,637 (9th Cir. 2012) (quoting <u>Starr v. Baca</u>, 652 F.3d 1202 (9th Cir.2011)). Accordingly, Plaintiff's reliance upon <u>Whitaker</u> for the proposition that conclusory pleading is sufficient to state a claim under 42 U.S.C. §1983 is misplaced.

**The Motion**

City claims that Plaintiff fails to state a claim for municipal liability. Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued. The term "person" has been interpreted broadly, even to include cities, counties, and other local government entities. <u>See Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978). Municipalities, their agencies and their supervisory personnel

1  cannot be held liable under section 1983 on any theory of respondeat superior or
2  vicarious liability.  They can, however, be held liable for deprivations of constitutional
3  rights resulting from their formal policies or customs.  See Monell, 436 U.S. at 691-
4  693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v.
5  California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).

6       Locating a "policy" ensures that a municipality "is held liable only for those
7  deprivations resulting from the decisions of its duly constituted legislative body or of
8  those officials whose acts may be fairly said to be those of the municipality."  Board
9  of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04
10 (1997) (citing Monell, 436 U.S. at 694).  Similarly, an act performed pursuant to a
11 "custom" which has not been "formally approved by an appropriate decisionmaker may
12 fairly subject a municipality to liability on the theory that the relevant practice is so
13 widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see
14 also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal
15 liability under § 1983 may be shown if Plaintiff proves that an employee committed an
16 alleged constitutional violation pursuant to a "longstanding practice or custom which
17 constitutes the 'standard operating procedure' of the local government entity.")

18      In Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520
19 U.S. 397 (1997) the Supreme Court made the causal prerequisite clear:  "it is not
20 enough for a § 1983 plaintiff merely to identify conduct properly attributable to the
21 municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate*
22 conduct, the municipality was the 'moving force' behind the injury alleged.  That is,
23 a plaintiff must show that the municipal action was taken with the requisite degree of
24 culpability and must demonstrate a causal link between the municipal action and the
25 deprivation of federal rights."  Id. at 404 (italics in original).

26      "To bring a § 1983 claim against a local government entity, a plaintiff must plead
27 that a 'municipality's policy or custom caused a violation of the plaintiff's
28 constitutional rights."  Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles,

648 F.3d 986, 992-93 (9th Cir. 2011).  A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006).  "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury," and the plaintiff must establish "that the injury would have been avoided had proper policies been implemented." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006).

Here, the complaint's allegations are too generalized and conclusory to state a claim.  Plaintiff does nothing more than parrot the requirements for municipal liability. Plaintiff alleges that the "City delegated its final policy-making authority to Defendants Best and Colon" and that "City adopted and ratified each of their decisions as alleged herein as its own policies, customs, practices or decisions, as if the same had been promulgated directly by the City." (Compl. ¶4).  Both individual Defendants allegedly acted "within the course and scope of [their] employment, as official policy-maker[s] for the City and/or the Department." (Compl. ¶5).  However, such allegations fail to establish a claim beyond the speculative level.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  Iqbal, 56 U.S. at 662.

In sum, the court grants the motion to dismiss and grants Plaintiff 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED:  June 26, 2015

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

- 6 -

15cv0440