1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

ROBERT MARTINEZ,

CASE NO. 15cv0440 JM(PCL)

11

Plaintiff,

ORDER DENYING MOTION TO DISMISS

12

v.

13

CITY OF IMPERIAL; IMPERIAL POLICE DEPARTMENT; MIGUEL COLON; and MARLENE BEST,

14

Defendants.

15

16      Defendants City of Imperial ("City") and Marlene Best ("Best") move to dismiss

17  the civil rights cause of action asserted against them in the Second Amended Complaint

18  ("SAC").[1] Plaintiff Robert Martinez opposes the motion.  Pursuant to Local Rule

19  7.1(d)(1), the court finds the matters presented appropriate for resolution without oral

20  argument.  For the reasons set forth below, the court denies the motion to dismiss.

21                          **BACKGROUND**

22      The SAC, filed on October 2, 2015, alleges a single civil rights claim against

23  Defendants City; Best, the City Manager; and Miguel Colon ("Colon"), the City's

24  Chief of Police and a single state law claim against City for violation of Gov't Code

25  §§3300 et seq., 3502, 3506 and Labor Code §1102.5.  The individual Defendants are

26  sued both in their individual and official capacities.

27

28

_____

[1] Defendant Miguel Colon does not move to dismiss the SAC.

Until his termination in August 2014, Plaintiff was a police officer with the Imperial Police Department.  The FAC alleges that "Police Chief Colon is a tyrant, who repeatedly rules thorough fear, intimidation and retaliation.  He has repeatedly engaged in illegal, improper and unethical actions, and at any point in time when he is challenged on these actions, he quickly acts to extinguish that threat."  (SAC ¶15).  In April 2014, Colon allegedly ordered officers to attend a church service in uniform.  Plaintiff voiced concern about supporting a religious organization while on duty and in uniform.  Plaintiff was allowed to not attend the service.  (SAC ¶16).  Colon also allegedly criticized Plaintiff for attending the criminal trial of a friend while not on duty and not dressed in uniform.  In May 2014, Plaintiff allegedly voiced his concern that Colon was "allowing officers to work in the field, by themselves, with absolutely no immediate back up of any kind available," thus creating a risk to officer safety.  (SAC ¶17).  The next month Plaintiff complained to the City that Colon was allegedly "defrauding the military by charging the military for police personnel who were supposed to be guarding a (military) crash site," but were not guarding the site.  (SAC ¶18).

After these events, Plaintiff "called for a meeting of the Imperial Police Officers Association to discuss," among other things, whether Defendant Colon was "of sound mind."  (SAC ¶19).  On July 2, 2014, Plaintiff, other City Police Officers and Defendant Best attended the meeting.  During the meeting, Plaintiff allegedly informed Defendant Best of Defendant Colon's alleged wrongful conduct.

On July 8, 2014,, without conducting an "investigation of any kind," Defendant Colon provided notice to Plaintiff that he was being terminated because he "failed to turn in reports timely."  (SAC ¶21).  Plaintiff alleges that Colon "completely deprived [him] of due process of law."  Id.  On July 29, 2014, Plaintiff allegedly appeared at an administrative hearing.  The next day, Colon issued a final notice of discipline, reducing the termination to a suspension.  Plaintiff then appealed the suspension.  Upon learning of the appeal, "Colon became enraged and told [Plaintiff] and his attorney that

1   because [Plaintiff] exercised his appeal rights of the suspension he had decided to
2   revert back to his termination." (SAC ¶26).  Plaintiff alleges that Best approved his
3   termination "and the unconstitutional basis for it." (SAC ¶11).

4       With respect to City, Plaintiff alleges that "City delegated its final policy-making
5   authority (with respect to all Police Department employment relations) to Defendants
6   Colon and Best."  The City also allegedly "adopted and ratified each of [the decisions
7   of Colon and Best] as its own policies, customs, practices or decisions, as if the same
8   had been promulgated directly by City." (SAC. ¶4).  Under the City's official policies
9   and practices, the City delegates "ultimate authority" to Defendant Colon on matters
10  related to "discipline and performance" of police officers.

11      On June 26, 2015, and again on September 18, 2015, the court granted City's
12  motion to dismiss the <u>Monell</u> claim with leave to amend.  Plaintiff filed the SAC and
13  the present motion follows.[2]

**DISCUSSION**

15  **Legal Standards**

16      Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in
17  "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir.
18  1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a
19  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.
20  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Courts should
21  dismiss a complaint for failure to state a claim when the factual allegations are
22  insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u>
23  <u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly
24  suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)
25  (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the
26  mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability

28      [2] In his opposition, Plaintiff represents that, in July 2015, he was successful in appealing his termination.

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Further, courts must construe the complaint in the light most favorable to the plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Pleading Civil Rights Claims

Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice."  Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007).  In addressing the impact of Iqbal and Twombly on the pleading standards for civil rights cases, the Ninth Circuit recently stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting

1    Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

2    **The Motion**

3         The Monell Claim

4         City moves to dismiss the SAC for failure to state a claim for municipal liability.

5     Municipalities, their agencies and their supervisory personnel cannot be held liable

6    under section 1983 on any theory of respondeat superior or vicarious liability.  They

7    can, however, be held liable for deprivations of constitutional rights resulting from

8    their formal policies or customs.  Monell v. New York City Department of Social

9    Services, 436 U.S. 658, 691-93 (1978); Watts v. County of Sacramento, 256 F.3d 886,

10   891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d

11   600, 610 (9th Cir. 1986).  "A § 1983 action against a city fails as a matter of law unless

12   a city employee's conduct violates one of the plaintiff's federal rights."  Orin, 272 F.3d

13   at 1217.

14        Locating a "policy" ensures that a municipality "is held liable only for those

15   deprivations resulting from the decisions of its duly constituted legislative body or of

16   those officials whose acts may be fairly said to be those of the municipality."  Board

17   of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04

18   (1997) (citing Monell, 436 U.S. at 694.  Similarly, an act performed pursuant to a

19   "custom" which has not been "formally approved by an appropriate decisionmaker may

20   fairly subject a municipality to liability on the theory that the relevant practice is so

21   widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see

22    also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal

23   liability under § 1983 may be shown if Plaintiff proves that employee committed

24   alleged constitutional violation pursuant to a "longstanding practice or custom which

25   constitutes the 'standard operating procedure' of the local government entity").

26        In cases in which a plaintiff alleges there is an official policy authorizing or

27   condoning unconstitutional acts, the Supreme Court has held that to prevail a plaintiff

28   must demonstrate an "affirmative link" between his or her deprivation and "the

adoption of [a] plan or policy by [the supervisors]--express or otherwise--showing their authorization or approval of such misconduct." <u>Bergquist v. County of Cochise</u>, 806 F.2d 1364, 1369-1370 (9th Cir. 1986) (quoting <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-371 (1976)).  This causal prerequisite was made clear by the Supreme Court in <u>Board of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397 (1997): "It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." <u>Id.</u> at 404 (italics in original).

Here, while not replete with factual allegations, the SAC adequately alleges a claim for section 1983 liability under <u>Monell</u> such that City is able to investigate the claim, to conduct discovery, and to file an answer.  Plaintiff alleges that City and Best delegated all police disciplinary related issues to the Chief of Police.  Further, City's policy is to place the ultimate responsibility and authority in the Chief of Police related to all employment related performance issues. The SAC further alleges that the City's highest ranking administrator, Best, was made aware of Colon's alleged arbitrary and abusive employment practices (and other alleged acts of misconduct) and approved of the actions taken by Colon, including Plaintiff's discharge for allegedly asserting his constitutional right to challenge disciplinary proceedings.  These allegations are sufficient to show that City, through its own actions, was a moving force behind Plaintiff's claims of misconduct and approved of Colon's alleged misconduct.

In <u>McKinley v. City of Eloy</u>, 705 F.2d 1110, 1116 (9th Cir. 1983), the plaintiff police officer brought an action against the city alleging that he was discharged in violation of the First Amendment for publicly criticizing the city's decision to not give police officers an annual raise.  The city had delegated the ultimate responsibility for personnel decisions to the city manager.  Where a city official alone is the final

authority or ultimate repository of power, "his official conduct and decisions must necessarily be considered those of one 'whose edicts or acts may fairly be said to represent official policy' for which the municipality may be held responsible under section 1983." <u>Familias Unidas v. Briscoe</u>, 619 F.2d 391, 404 (5th Cir.1980) (quoting <u>Monell</u>, 436 U.S. at 694).

Here, allegations that the City delegated ultimate authority over police personnel decisions to the city manager and the chief of police are sufficient to establish that such policy is the official policy of the City. As noted in <u>McKinley</u>, the delegation of ultimate responsibility for personnel decisions to Best and Colon are fairly attributable to the municipality itself.

In sum, the court denies the motion to dismiss City from this action.

<u>The Claim against Best</u>

An action under 42 U.S.C. §1983 has two elements: "(1) the defendants acted under color of law, and (2) their conduct deprived [the plaintiff] of a constitutional right." <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir.1985). Here, there is no doubt that Best is a state actor and, construing the SAC in the best light for Plaintiff, her conduct allegedly deprived Plaintiff of his constitutional rights. While the SAC's allegations do not specifically identify Best's role in Plaintiff's termination, Best met with Plaintiff and was informed of Colon's alleged misconduct. (SAC ¶11). The SAC alleges that Best, after being fully informed about Colon's alleged misconduct, approved, ratified, and authorized Plaintiff's termination. While the SAC alleges that "it is unclear what her role was" in Colon's termination, Best is able to prepare an answer, conduct discovery, and bring an appropriate evidentiary motion after completion of discovery. Nothing more is required at this early stage of the action.

In sum, the court denies the motion to dismiss.

**IT IS SO ORDERED.**

DATED: January 21, 2016

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

- 7 -

15cv0440